**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

DAVID DRUMMOND,                          )
                                         )
              Petitioner,                )
v.                                       )         No. 1:06-cv-1838-DFH-JMS
                                         )
STANLEY KNIGHT,                          )
                                         )
              Respondent.                )

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of David Drummond ("Drummond") for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice.** This disposition is based on the following facts and circumstances:

1.      Drummond seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) challenging a prison disciplinary proceeding identified as No. ISR 06-10-268. In that proceeding, Drummond was found guilty of the unauthorized possession of State property. He was sanctioned with a 2-week loss of telephone and commissary privileges.

2.      Drummond is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

3.      The respondent seeks dismissal of the action because Drummond's sanctions do not support a claim that he has been placed "in custody" as a result of the disciplinary proceeding. As explained in *Sandin v. Conner,* 515 U.S. 472 (1995), an inmate's liberty interest is not implicated unless the disciplinary measure in question imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." The sanctions of commissary and telephone restrictions which Drummond suffered did not result in such a deprivation, *Id.* at 484; *Wagner v. Hanks,* 128 F.3d 1173, 1175 (7th Cir. 1997); *Leslie v. Doyle,* 125 F.3d 1132, 1135 (7th Cir. 1997), and hence did not violate any constitutionally protected right.

4.      The motion to dismiss is **granted,** and judgment consistent with this Entry shall now issue. The petitioner's motion to strike paragraph 3 of his motion for leave to file supplemental evidence is **denied as moot,** because the latter motion was denied in paragraph 1 of the Entry issued on April 9, 2007.

So ordered.

_David F Hamilton_

DAVID F. HAMILTON, Judge
United States District Court

Date:   _4/24/2007_